UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FLINT EDWARDS, § § § *Plaintiff*, § § v. § § BULL CITY FINANCIAL § SOLUTIONS, INC. and JOHN L. § WALSTON, JR., § § *Defendants*. § § | CASE NO. 8:25-cv-00752-TPB-AEP |

**DEFENDANT BULL CITY FINANCIAL SOLUTIONS, INC.'S ANSWER & AFFIRMATIVE DEFENSES**

COMES NOW Bull City Financial Solutions, Inc. ("Defendant") by and through its undersigned counsel, and for its Answer to Plaintiff's Amended Complaint states the following:

**RESPONSE TO DEMAND FOR JURY TRIAL**

Plaintiff makes a demand for a jury trial. Defendant denies Plaintiff has alleged any issues triable by jury.

1

## RESPONSE TO PLAINTIFF'S GENERAL PROVISIONS GOVERNING DISCOVERY

Plaintiff makes no allegations against Defendant in this section; therefore, Defendant is not required to respond. To the extent Defendant is required to respond, Defendant denies the Florida Rules of Civil Procedure are applicable to this action. By way of further response, Defendant states "while the pleadings of *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, *pro se* litigants still must comply with procedural rules." *Maus v. Ennis*, 513 Fed. Appx. 872, 878 (11th Cir. 2013)

### I.   RESPONSE TO JURISDICTION AND VENUE

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 1; therefore, it denies the same.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3; therefore, it denies the same.

### II.   RESPONSE TO PARTIES

4. Defendant admits Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 4; therefore, it denies the same.

5. Defendant admits Paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 6; therefore, it denies the same.

### III. RESPONSE TO STATEMENT OF ALLEGED FACTS

7. Defendant denies Paragraph 7.

8. Responding to Paragraph 8, Defendant admits Plaintiff alleges violations of the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Florida Consumer Collection Practices Act ("FCCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), defamation of character, aggravated identity theft, misrepresentation, and negligent and civil liability for willful noncompliance with the law. Defendant denies it violated any law and denies any remaining allegations in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, it denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same. Defendant states any collection letter it received related to the account was sent by it as opposed to any employee of Defendant.

11. Responding to Paragraph 11, Defendant denies any attempts by Plaintiff to interpret or paraphrase Exhibit A and denies anything inconsistent therewith. Defendant denies any remaining allegations in this paragraph.

12. Responding to Paragraph 12, Defendant lacks knowledge or information sufficient to form a belief about the truth of the sale of the property; therefore, Defendant denies same. Defendant denies Plaintiff does not have an outstanding balance with Duke Energy Florida.

13. Responding to Paragraph 13, Defendant denies any attempts by Plaintiff to interpret or paraphrase the referenced writings from Plaintiff and denies anything inconsistent therewith. Defendant denies any remaining allegations in this paragraph.

14. Responding to Paragraph 14, Defendant denies any attempts by Plaintiff to interpret or paraphrase Exhibit B and denies anything inconsistent therewith. Defendant denies any remaining allegations in this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, Defendant denies same.

16. Defendant admits Paragraph 16.

17. Defendant denies Paragraph 17.

18. Defendant denies Paragraph 18.

19. Defendant denies Paragraph 19.

20. Defendant admits Paragraph 20.

21. Defendant denies Paragraph 21.

22. Defendant denies Paragraph 22.

23. Defendant denies Paragraph 23. Defendant denies it violated the law.

24. Defendant denies Paragraph 24.

25. Defendant denies Paragraph 25.

### IV. RESPONSE TO CLAIMS FOR RELEF

### COUNT I: ALLEGED FDCPA VIOLATION AGAINST BULLCITY FINANCIAL SOLUTIONS, INC.

26. Defendant incorporates the responses above as though fully set forth herein.

27. Defendant admits at certain times and under certain circumstances it is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant denies any remaining allegations in Paragraph 27.

28. Defendant denies Paragraph 28, including all subparts.

29. Defendant denies Paragraph 29.

30. Defendant denies Paragraph 30.

### COUNT II: ALLEGED FCCPA VIOLATION AGAINST BULL CITY FINANCIAL SOLUTIONS, INC.

31. Defendant incorporates the responses above as though fully set forth herein.

32. Defendant denies Paragraph 32, including all subparts.

33. Defendant denies Paragraph 33.

34. Defendant denies Paragraph 34.

### COUNT III: ALLEGED FCRA VIOLATION AGAINST BULL CITY FINANCICAL SOLUTIONS, INC.

35. Defendant incorporates the responses above as though fully set forth herein.

36. Defendant denies Paragraph 36.

37. Defendant denies Paragraph 37.

38. Responding to Paragraph 38, Defendant denies it was the impetus for Plaintiff being denied a loan. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations; therefore, Defendant denies same.

39. Defendant denies Paragraph 39.

40. Defendant denies Paragraph 40.

41. Defendant denies Paragraph 41.

### COUNT IV: ALLEGED MISREPRESENTATION AGAINST BULLCITY FINANCICAL SOLUTIONS, INC.

42. Defendant incorporates the responses above as though fully set forth herein.

43. Defendant denies Paragraph 43.

44. Defendant denies Paragraph 44.

45. Defendant denies Paragraph 45.

46. Defendant denies Paragraph 46.

47. Defendant denies Paragraph 47.

48. Defendant denies Paragraph 48.

49. Defendant denies Paragraph 49.

## COUNT I: ALLEGED FDCPA VIOLATION AGAINST JOHN L. WATSON, JR.

50. Defendant incorporates the responses above as though fully set forth herein.

51. Paragraph 51 does not include any allegations against Defendant; therefore, Defendant is not required to respond. To the extent Defendant is required to respond, it denies same.

52. Paragraph 52 does not include any allegations against Defendant; therefore, Defendant is not required to respond. To the extent Defendant is required to respond, it denies same.

53. Defendant denies Paragraph 53.

54. Defendant denies Paragraph 54.

## COUNT II: ALLEGED FCCPA VIOLATION AGAINST JOHN L. WALTSON, JR.

55. Defendant incorporates the responses above as though fully set forth herein.

56. Paragraph 56 does not include any allegations against Defendant; therefore, Defendant is not required to respond. To the extent Defendant is required to respond, it denies same.

57. Defendant denies Paragraph 57.

58. Defendant denies Paragraph 58.

## COUNT III: ALLEGED MISREPRESENTATION AGAINST JOHN L. WALSTON, JR.

59. Defendant incorporates the responses above as though fully set forth herein.

60. Paragraph 60 does not include any allegations against Defendant; therefore, Defendant is not required to respond. To the extent Defendant is required to respond, it denies same.

61. Paragraph 61 does not include any allegations against Defendant; therefore, Defendant is not required to respond. To the extent Defendant is required to respond, it denies same.

62. Paragraph 62 does not include any allegations against Defendant; therefore, Defendant is not required to respond. To the extent Defendant is required to respond, it denies same.

63. Paragraph 63 does not include any allegations against Defendant; therefore, Defendant is not required to respond. To the extent Defendant is required to respond, it denies same.

64. Defendant denies Paragraph 64.

65. Defendant denies Paragraph 65.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to a judgment against it, and denies Plaintiff is entitled to civil penalties. Defendant prays Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's damages, if any, were pre-existing damages not caused by Defendant.

2. Plaintiff has failed to mitigate damages, if any.

3. Plaintiff proximately caused his own damages, if any.

4. To the extent Plaintiff bases any of his state law claims on alleged credit reporting, such claims are pre-empted by the FCRA.

[SIGNATURE PAGE FOLLOWS]

Dated: June 20, 2025

Respectfully submitted,

**FROST ECHOLS LLC**

<u>/s/ David A. Grassi, Jr.</u>
David A. Grassi, Jr.
FL Bar No.: 104225
<u>Mailing Address:</u>
P. O. Box 12645
Rock Hill, SC 29731
<u>Physical Address:</u>
224 Oakland Avenue
Rock Hill, SC 29730
Telephone: (803) 329-8982
Email: david.grassi@frostechols.com

***Counsel for Defendant***
***Bull City Financial Solutions, Inc.***

## **CERTIFICATE OF SERVICE**

This is to certify that on June 20, 2025, a true and correct copy of the foregoing document was served on *pro se* Plaintiff via first class mail addressed as follows:

Flint Edwards<br>
12935 Willow Grove Drive<br>
Riverview, Florida 33579

*/s/ David A. Grassi, Jr.*
DAVID A. GRASSI, JR.